NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0110n.06

Case No. 19-2449

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Mar 01, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PLAN B WELLNESS CENTER, LLC; | ) | |
| JACK RAYIS, | ) | |
|     Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CITY OF DETROIT BOARD OF ZONING | ) | MICHIGAN |
| APPEALS; ALTERNATIVE CARE | ) | |
| CHOICES, LLC; MARCELUS BRICE; | ) | |
| GABE LELAND, | ) | |
|     Defendants-Appellees. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; STRANCH and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. No matter what you sell, business is better if you're the only supplier on the block. But there's usually nothing you can do to stop a competitor from opening up next door. Plan B Wellness Center, a marijuana vendor in Detroit, thought its industry was different—the city's zoning rules restrict the density of marijuana shops. So when another supplier proposed to open nearby with the zoning board's consent, Plan B sued to stop it. Because Plan B has not shown that it has standing to sue, we dismiss the case.

I.

In 2008, Michigan legalized the sale of medical marijuana. Mich. Comp. Laws §§ 333.26421–30 (2008). In response, Detroit adopted a zoning ordinance that requires businesses

to seek a license before selling marijuana to the public. Detroit, Mich., Ordinance No. 31-15, § 61-12-343 (2015). The ordinance limits dispensary density by prohibiting licensed marijuana vendors from operating within 1,000 feet of each other. *Id.* § 61-3-354(b)(2)(B).

But Alternative Care Choices wanted to set up a marijuana shop on a lot across the street from Plan B Wellness Center. To get around the zoning restriction, Alternative Care Choices asked Detroit's zoning board for a land-use variance. The board granted the variance over Plan B's objection. Plan B sued the zoning board and the competing company.

## II.

A plaintiff must have standing to bring a case in federal court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plan B, "the party invoking federal jurisdiction[,] bears the burden of establishing" that it has standing to sue. *Id.* To satisfy its burden, Plan B "must explain how the elements essential to standing are met." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

The defendants argued both in the district court and on appeal that Plan B lacks standing. Plan B never responded to their standing arguments, nor did it offer an explanation of its own. It simply never addressed the issue.

Although a party cannot forfeit an argument against jurisdiction, it can forfeit arguments in favor of it. *Taylor v. Pilot Corp.*, 955 F.3d 572, 582 (6th Cir. 2020) (Thapar, J., concurring) (controlling opinion); *see also Taylor v. KeyCorp*, 680 F.3d 609, 615 n.5 (6th Cir. 2012). That's what Plan B did here by failing to respond to arguments that it lacked standing to sue. Thus, we vacate the opinion of the district court and remand with instructions to dismiss for lack of subject matter jurisdiction.